Thank you judges. May it please the court. I've raised a number of issues on my brief but I'm going to focus the court first on loss amount. The fact that Ms. Maitre was convicted of conspiracy should not lead to a loss amount that includes everything that her co-conspirators were attributed to. So essentially factually here there's two incidents. There's a November 12, 2014 search of her home that she cohabitates with her boyfriend Willie Smith and in that event there are 1,348 access devices located in the attic of that house squirreled away. On January 7th there's another incident and in that event there's 196 access devices located. The court found her liable for all of the approximately 1,540 access devices. Under 1B1.3 the court needs to look at the scope of her conduct to determine whether or not that should be attributed on the November 12th. The jury found her not guilty of any of the actual events of November 12th. She was actually not even arrested so the police on that date did not even feel there was enough information attributing to her to arrest her for that. Mind you the conspiracy count covered the entire time period but the actions attributed to her are really pertinent to January 7th. Additionally uh the you know I know acquitted conduct is a controversial proposition but but um it's pretty clear under the case law that a district court can despite um an acquittal on on account like that uh find by preponderance of the evidence that that this is relevant conduct right? Yes I think the court though has to make specific findings as to her conduct on in order to make it relevant in order to say yes on that date here's what she did that I'm going to find is the relevant conduct which I don't think that there's anything in the record as to that. The court does say that I think she's equally culpable that's essentially a summation statement but there isn't any facts laid out as to what her culpability was on November 12th. On November 12th the items are found in a duffel bag in the roof attic and they are squirreled away. The testimony at trial from the detective was some items are found in a bedroom he's not sure where in the bedroom some uh and there the jury essentially didn't uh agree with the officer because they completely acquitted her of the count uh count two which is the possession of access devices on November 12th. But but the but the jury finding is really not the issue here it's it's the sentencing judge's finding as to what's in the record in terms of the preponderance of evidence standard so I mean the fact that the jury acquitted her what their findings are irrelevant aren't they? Well I don't think it's irrelevant I definitely think it's a factor that the court should look at to determine in addition to what the district court ruled were the actual relevant conduct facts that go towards her actions on November 12th and there aren't anything in the record here. It seems to me that what we have to look at is whether the supports the district court's finding right? Yes which I don't believe there is and so the jury whatever the jury decided really doesn't have anything to do with that doesn't it's it's just we we have to look at the record and see if it supports a finding by our preponderance isn't that right? Agreed with the the jury also was essentially part of uh listening to that record and I think that uh it supports my position that there isn't anything in the record that's the court identified that goes towards what she did her conduct specifically on November 12th. It is a mere presence situation for November 12th these items are merely found in her house there's no statements there's nothing that attributes her to actual conduct on November 12th. Additionally judges if I can uh raise the issue of sufficiency on the aggravated identity theft count the court has a de novo review here and this government had to prove that she knowingly possessed or used those two identities that were found uh and stolen on January 7th that she knew they were of another person and that she did it during in relation to some other felony. The timeline for January 7th is very critical here so if I can briefly the incidents take place the the the thefts of these identities that we're talking about the two people uh Ms. Persaud and Ms. Chevreaux take place between 7 30 and 8 30 a.m on January 7th. The the car comes back to the house where Ms. uh Maitrey is staying at about 8 30 the detective sees the car come back the two drivers of the two people in the car Mr. Smith and Mr. Pug go in through the back of the house so that they can't be seen by Ms. Maitrey who then comes out through the front of the house a few moments later and gets in the car with her 12 year old son and takes him to school. She's gone from 8 30 till about 10 10 in the morning she comes back and goes in the house and is in the house for about 20 minutes and then the detectives see them all leave together at 10 30 in the morning. The timeline uh this is when they dumpster. The items that are found the actual identity theft is the charge or the two particular people Ms. Chevreaux and Ms. Persaud. Those two identities are found squirreled away in a chair it looks like a giant stiletto shoe um it's a great picture but I don't have it here uh you have to flip the shoe upside down unzip the material the fabric that's covering the shoe and in the heel of the shoe the giant platform heel you'll see a hollow space and in there there's a black satchel and inside the black satchel is where these IDs are found and Ms. Persaud and Ms. Chevreaux's IDs are in there. Ms. Maitrey is out of the house from 8 30 to at least 10 10. At best she is in the same house as these identities for about maybe 15 minutes uh before she leaves and maybe 15 minutes after she comes back. She drives her cohorts to the dumpster to dispose of Persaud's purse and a stolen license plate right there she does drive them but there's no evidence uh that was presented here that she knew what was being uh discarded at the dumpster. There's no evidence that she knows of these two particular individuals and who they are and that don't think that there's circumstantial evidence that when she takes the two guys to a dumpster where they throw these items in the dumpster that she's you could reasonably infer uh that she knows why why they're going to a dumpster. Well if one could infer that is did she know that there's uh some something connected to a crime that that they're trying to get rid of it I think that's reasonable inference but to specifically infer the identities of these two individuals which is what she's charged with the aggravated identity thefts I don't think there's any facts that support that you have to the government had to show that she knew that these two folks who the thefts the timeline is critical here that these were taken in the morning and she's out of the house almost that entire time and where they are placed and Mr. Smith who testified said that she knew nothing of this he hid them from her and in fact he hid them as soon as he came back and she left the police when they came in they came back into the house with her so there's really only about 15 minutes on each side of that morning where she leaves where she would have had any opportunity to even know about this and there's really no evidence in the record that supports it I think that um it's important uh looking at Flores Figueroa that the court look at the fact that she needs to know that these are also real people uh there's nothing in the record that supports anything like that in fact um there's nothing in the record that even supports she saw held possessed anything these two particular individual identities doesn't this go to the sort of the heart of the deliberate and ignorance charge I mean didn't the court I mean I know you're focusing very narrowly on on these facts as part of your argument but in reality the court beyond that sort of conduct in the days leading up the way she drove from the house I mean isn't that sort of the basis that the district court relied on in providing that that what I call the ostrich charge well I think the deliberate ignorance charge goes to the fact and the court said it which is that when she's denying knowing that uh what's going on then the court felt that it was appropriate to give the deliberate ignorance charge in response to that and that's actually in the record I think that the the jury had a lot of circumstantial evidence of different things happening and they disregarded some of it because they acquitted her on one of the counts I think it's important to look specifically for these aggravated identity thefts and figure out what are the elements and what are the facts that go to it the timeline as I said is pretty critically important on January 7th so I draw the court's attention to that timeline it seems like though um at most the the problem you have on this is that instead that we said uh an incorrect instruction on deliberate ignorance is harmless error when the jury was also instructed and could have convicted on an alternative sufficient theory of actual knowledge and we have that here well I think that what happened here though is that they I think if the court left it as to actual knowledge we wouldn't really have that issue because essentially that was the government's theory was actual knowledge that look at how much evidence there is look at all these purses look at these credit cards she she had to know because it was all over the place I think when you add in the deliberate ignorance it lowers the value of knowledge not as to just the conspiracy but also as to the aggravated identity thefts which add two years to her sentence and as I said that timeline is very specific and those elements are very specific one other thing um before you sit down did you have the court reporter transcribe the jury instructions so they're in the record they would be in the record for our review I'm CJ appointed and so I'm very cautious with the court's money and that wasn't the issue of were they read right the issue was was it properly given in the first place and those motions and that argument was in the record that we added as our pen okay I have any questions thank you Mr. Wade thank you um Mr. DeRosa may it please the court Philip DeRosa on behalf of the United States I'd also like to introduce seated with me at council table is the lead trial attorney AUSA Kerry Aronovitz um just want to I think Mr. White has answered the question of how you're going to address the deliberate ignorance instruction because my first instinct was I don't see how you could get behind the fact that he didn't order uh the oral charge to the jury but if the sole issue is whether or not if we all agree that the instruction was given and if the sole issue is whether the instruction was properly given um I guess you would have to ignore the fact that he didn't order the the oral charge you don't I mean you agree it was given yes ma'am I think the record is clear that the deliberate ignorance instruction was given you know it's interesting here that the was the defendant who triggered the giving of the deliberate ignorance instruction the government didn't ask for it she put on a witness that said that uh co-defendant smith her boyfriend who said that she was totally unaware of everything that was in that in the house and uh I understand that that evidence went to when you say the defendant triggered it are you saying that that caused the court to give it or or that the defendant asked for it to be given I think that the fact that she called that witness uh triggered what prompted the court prompted the court to give it because the court said you know you you put on this witness that said that you didn't know anything about it and yet because there was this sheer volume of the uh stolen items in the house and the fact that many of them at least on January 7, 2015 were in plain view all throughout the apartment the district judge even said you'd have to have been wearing a blindfold not to know that that stuff was there and I think that the whole idea of wearing the blindfold is what made the judge think that uh the ostrich instruction uh as judge hall called it I've never heard that before I like that was appropriate and as to let me just give a little bit of more texture to the sufficiency argument on the uh aggravated identity theft this is a small house that's clear from the record there's no way anybody goes in there without anybody else in the house knowing that you're coming into the house uh the defendant co-defendant Willie Smith and his co-defendant friend Daryl Pugh come back within the Chrysler 200 after engaging in at least three smash and grab robberies that morning they come back to the house she's there Daryl Pugh walks into the house holding a black morning and she is there when he gets there and as soon as they show up she goes and gets into the burglary car drives it away goes through pylons on I-95 to escape what she knows is the surveillance that's been following her for for more than a month and the jury convicted her of being a part of the conspiracy so she knows that they're stealing these things from real people these purses that she's getting that her boyfriend claims are gifts she knows that they come from real people now as to the specific people whose identities were charged in counts eight and nine the aggravated identity charges Lisa Chevron's purse was in plain view on the couch when the when the police came in to do their search on January 7 2015 Lisa Chevron's driver's license wasn't in that purse it was inside the zippered cushion of the chair Natalie Persaud's visa credit card was inside the chair also and her purse was the one that the defendant took to the family dollar store and threw in the dumpster there's no reason that she did that other than to dispose of evidence of a crime because she knew that that was a real person and the circumstantial evidence that shows that she knew that those stolen items were in that chair were the fact that there was a gun in that chair as well 357 Ruger the ammunition for that gun was in the defendant's underwear drawer now the her co-defendant Willie Smith said you know the cops must have put it there because it wasn't there you know originally but she pled guilty the government in their rebuttal case put a conviction on it showed that she pled guilty to possessing that very ammunition on that very day so it was in her drawer she knew it it fit the gun that was in the chair so she knew the gun was in the chair she knew that the gun was next to these stolen identifications she knew that they were real people can I ask you a question to refresh my memory I I've I looked at the indictment in this case and I just can't remember did you all expressly charge her with aiding and abetting or I mean was that in the believe that the the two substantive charges of possession of 15 or more access devices was charged as an 18 USC charge and Mr. Mr. Ronovitz has the indictment with him you I read the indictment and I thought I remembered seeing an 18 USC he'll tell us section two he'll get some thumbs up or thumbs down he doesn't have it either okay again though you know we're not traveling on the aiding and abetting here we're traveling on her actual knowledge and her uh I just was curious she was a principal in this your honor we believe that that's what the evidence has shown with respect to the loss amount I think it's important to remind the court here that this argument about the defendant being acquitted of the items that were stolen November 12 2014 and therefore those items shouldn't have been considered by the sentencing court he abandoned that argument he made it in the district court but he didn't argue that in his initial brief on appeal that's why I didn't respond to it in my brief because he didn't raise it in fact he conceded that some of the items uh that were taken on November 12 2014 he said not all of those were access devices so he conceded that those devices were being should be considered by the district court but that not all of them he resurrected the acquitted conduct argument in his reply brief and by virtue of his recently filed what I think was supposed to be a notice of supplemental authority which was the 1b 1.3 relevant conduct so and I hesitate to cite cases on this but I think it's clear from what Judge Pryor has said it's settled law in this circuit that acquitted and uncharged misconduct is properly considered by the district court of sentencing as as relevant conduct in every circuit I don't know but I'll take your word for it your honor um the the thing about the loss amount that I wanted to get to is the driver's licenses and I'm not sure that I should be going there because I don't think that he's raised it here in oral argument I will say though that that should be considered under a plain error standard because he raised it for the first time on appeal and this court neither this court nor the supreme court nor any other court that I know of in a uh access devices so he loses on plain error now was it even error I mean should we so you're just saying we ought to dispose of it on that ground I'm saying that I want to get into that here but I don't know if I can because he didn't raise it in in his argument if you want to ask no no you certainly can raise something that then he'll have the opportunity to reply to and you won't have any rebuttal but um and it seems to me you've already done that Mr. DeRosa so the district if you want to say something about it you you can you know it's it's of some interest to me it seems to me that a driver's license would be an access device I mean that the statute says that um that if it's a card that can be used in conjunction with another access device so let's say a credit card to obtain money goods services or any other thing of value or that can be used to initiate a transfer of funds then it's an access device and you know I I don't know about your experience but I think it's common human experience in uh in the United States that frequently when you use something like a credit card um a merchant will want to see your driver's license too I agree absolutely your honor the only thing I want to add is that I think it goes a little bit further than that under 1029e1 the definition of an access device it says specifically a personal identification number and that is what this court used in Wright to say that social security numbers were unequivocally access devices because under the statute they reflected personal identification numbers so it's not just the fact that a driver's license could be used in conjunction with another access device to obtain money or services the fact that at least Florida driver's licenses which are really the only ones that I'm familiar with intimately have a personal identification number on them that's what makes them an access device doesn't matter whether it's a standalone access device or not right but in that sense driver's licenses are no different than social security numbers so it seems to me that if you wanted to reach the merits of this on driver's licenses Wright is the precedent that has established that a personal identification number can be used as an access device what about gift cards gift cards equal cash don't they uh you know just to back up a little bit right before I answer your question the government you know in in presenting its case at sentencing considered all of the personal identifying information that was seized in this case more than 1500 items as access devices I have whatever the merits of that position and I'm not saying that of what position wrong I'm just saying that I took a more conservative approach on appeals I I only used right to a step because right establishes that credit cards and debit cards are unquestionably access devices and that got you to the 1500 say again that got you to the 1500 without relying on the gift card no ma'am there were only 38 gift cards so you you can throw those out if you want you don't have to look at the gift cards the reason why I added those is because they have merchant account numbers on Wright says that merchant account numbers are access devices I'm looking at the statute if it's a card that can be used to obtain goods it's an access device right yes sir and these they're talking about 38 gift cards like you can call them store cards value cards reward cards they're cards from Kohl's JCPenney AutoZone Dunkin Donuts like I say there's only 38 of them what gets the government over the limit on the number of cards is the driver's licenses because there's 760 credit and debit cards there's 118 social security numbers but without the 174 driver's licenses we don't meet the number of 1101 access devices like say with or without the gift cards the gift cards there's only 38 they don't matter we need 1101 cards because if you multiply that by 500 you get 550,000 and $500 and that's the range that the court found so we we need the driver's licenses and like I say it seems to me that this is a a plain error argument but if you want to go to the merits then we stand on right and if the court has no more further questions thank you for your time thank you Mr. DeRosa um Mr. Wahid so if if as the government says that you had to wear a blindfold not to see the things in this room um in this house then why go with the willful blindness instruction which lowers the standard and creates this whole problem which I think he explained that what provoked that was that witness is um is that right what provoked that is the the courts who respond said this is what we should do I think the defendant putting on a witness uh isn't the issue the issue all along throughout the trial even prior to that witness was the question of knowledge so that was not a new thing that was raised at that last at the 11th hour at the defense case it was through the crosses of all of the the police officers um the fact that uh they're saying that these things were all over the house first of all to be clear we're talking about on January 7th not on the 12th is where they're the officers say we find these in various places um but more importantly that lower standard the jury applies it to all the different counts including the aggravated identity theft including the um the actual uh possession of access devices on on the uh 7th of January as to the surveillance she the fact that the government is saying well she knows she's under surveillance I don't think that is something that is is proven anywhere but even if one assumes that she that they're correct in that the fact that she might know she's under surveillance doesn't as they say automatically go to the fact that she knows these are real people for the aggravated id theft counts which is the only thing I heard here and the fact that she drove these folks to the the dumpster again as I said earlier I don't think that goes to the issue of does she know that these are real people um she was charged with the exact same counts as her co-defendant so she was charged with the actual possession of in the indictment she's charged with the actual possession of 15 or more access devices um in two of the counts uh one of those counts she was acquitted in the other count she was convicted the issue of driver's license I don't think that the I think that uh the argument I made judges that there is a there are a lot of items enumerated in 1029 and this isn't one of them driver's license are not included in there it is that a lot of other things are enumerated in there very specifically but a driver's license so what ends up happening is you're double counting so if you take my credit card and you'll have it does have the identification number though right so and under an underwrite w r i g h d it does seem like it wouldn't qualify well I think that one would have to make the argument first of all that the driver's license on its own could get you something um so the question if it has the personal identifying information I think that it would count wouldn't it underwrite I mean social security number counts right well uh these these are yes these items in conjunction with if you have my credit card and that but if you just have my driver's license or if you just have my social I don't know that that should count and I definitely think that even if you just have my driver if you have my driver's license and a credit card then the other argument problem there is you're now double counting for that same individual this is really we're going on on the on the formula because none of there's no evidence anything was ever used here but if the congress wanted to specify driver's license they could have easily added driver's license it's a very common thing this is not some new invention this has been around for a long time but it's not listed but they but they have a general definition right you can have a list but but the statute says that that if you have a card a driver's license is a card isn't it they can be used in conjunction with another access device to obtain money goods services or anything of value I don't know that I would agree with the court that necessarily you've never had a merchant ask you for your driver's license when you use say a credit card uh lately no I have a chip judge and that's where we're at today okay but I understand that we use chips that doesn't really answer that doesn't really answer the question I had have you never in your experience with merchants had them ask for a driver's license yes several years ago I'm sure I have but the point I'm getting at when you're saying card though is that I don't know that driver's license is what we mean by card here card are I believe referring to cards that can get you resources money where the fact that a driver's license driver's license could have been on paper years ago as opposed to something hardened and laminated I think that that term is somewhat misleading here the real question is why did congress not specifically say driver's license and I think that if they wanted to they could have and they still could but they don't have that here based upon that argument isn't aren't you saying right was was wrongfully decided on the issue of security numbers because I mean social security numbers are not specifically enumerated in that language well I think a social security number is different in that for one to be able to even get like a bank account or credit cards or whatever you're often asked for your social because they check your credit I don't think that's the same with a driver's license you're not checking your credit with a driver's license that's not the reasoning of right understood but I believe that the the the rationale of identification number something that identifies you the social security number is is our identity it is literally our identity where I don't think a driver's license is the same Mr. Waheed thank you we have your case we note that you were court appointed we appreciate you accepting the appointment and assisting us today thank you judges thank you